IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDMOND LESOON, JR.,<br><br>*Plaintiff,*<br><br>v.<br><br>LOUIS DEJOY,<br>Postmaster General, United States Postal Service<br><br>*Defendant.* | Civil Action No. 2:20-cv-828<br><br>Hon. William S. Stickman IV |

### MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, District Judge

Plaintiff Edmond Lesoon, Jr. ("Lesoon") filed a Complaint on June 4, 2020 (ECF No. 1), which was followed by an Amended Complaint on September 9, 2020. Defendant filed a Motion to Dismiss for Lack of Jurisdiction and Failure to State Claims and a supporting brief. (ECF Nos. 5 and 6). Briefing is now complete and Defendant's motion is ripe for adjudication.

### I.   STANDARD OF REVIEW

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009)). To survive a motion to dismiss, a court must determine whether the plaintiff has alleged facts sufficient to "nudge[ ] [his or her] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint may not merely allege a plaintiff's entitlement to relief—it must " 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211. Mere "labels and conclusions, and a

1

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A claim will not survive a motion to dismiss if, after construing the factual allegations in the light most favorable to the plaintiff, the court finds the plaintiff could not be entitled to relief. *Fowler,* 578 F.3d at 210.

"As a general rule, the court may only consider the pleading which is attacked by a 12(b)(6) motion in determining its sufficiency." *Pryor v. Nat'l Coll. Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citations omitted). However, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Id.* Moreover, "[d]ocuments that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim; as such, they may be considered by the court." *Id.* Here, Lesoon's Complaint makes reference to his charge of discrimination filed with the United States Postal Service, although he did not attach the documentation. (ECF No. 4, § 8). Attached to its motion for dismissal, Defendant included a copy of the EEO Complaint of Discrimination in the Postal Service as well as the Acceptance for Investigation letter. Lesoon has not objected to the authenticity of this documentation. In fact, he has attached documents from the Equal Employment Opportunity Commission ("EEOC") to his Brief in Opposition to Motion to Dismiss. (ECF No. 8). Therefore, the Court may consider Lesoon's charge of discrimination in the EEO Complaint and EEOC investigation in addition to the facts in the Complaint. *See McCall v. Butler Health Sys./Butler Mem'l Hosp.*, 2013 WL 6253417, at *8-9 (W.D. Pa. Dec. 4, 2013) (holding that in deciding a 12(b)(6) motion, the court "may rely upon the [ ] administrative charge" in ruling on the motion) (citing *Pryor*).

## II. FACTUAL HISTORY

Lesoon's Amended Complaint, despite being drafted by counsel, is not easy to understand. The Court has deciphered the following pertinent facts. Lesoon's national origin is Palestinian Arab-American and he wears a "full black beard" and has a "darker" "Mediterranean" skin hue. (ECF No. 4, ¶¶ 9.a., b.). He is of the "Antiochian Orthodox Christian religion," and identifies as "Orthodox Christian." (ECF No. 4, ¶ 9.b.). He worked for the United States Postal Service ("USPS") seasonally in 2007, 2011, 2012 and 2015, and was hired as a full time mail handler in May 2017. (ECF No. 4, ¶ 9.c.). Lesoon asserts that he had "an unblemished work history." (ECF No. 4, ¶ 9.g.). One of his fellow employees had a Filipino girlfriend/fiancé whom that employee spoke of and visited with internationally. According to Lesoon, he "had little contact with the fellow employee and no contact at all with the Filipino girlfriend/fiancé." (ECF No. 4, ¶ 9.d.). On December 21, 2017, he was summoned into the manager's office and terminated after being "falsely accused" of "creating a hostile work environment and misusing social media, and violating the USPS Zero-Tolerance Policy Regarding Violence" by "non-workplace social media contact with fellow employee's Filipino girlfriend/fiancé." (ECF No. 4, ¶ 9.e.). He was "shown social-media screen captures" "purporting to be [his] communication with the Filipino fiancé/girlfriend of fellow employee, in fractured American-English." (ECF No. 4, ¶ 9.g.i.). Lesoon contends he authored nothing and is a "native speaker of English and a 1998 graduate of Sto-Rox High School and Parkway West Vo-Tech." (ECF No. 4, ¶ 9.g.i.(1)).

## III. ANALYSIS

Lesoon is alleging discrimination by Defendant under "the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq." (ECF No. 4, p. 6). Federal law prohibits employment discrimination

3

based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112). In general, to establish a prima *facie case* of employment discrimination, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position in question; (3) he suffered an adverse employment action, and; (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). Although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, he still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotations omitted). The "central focus" of the *prima facie* case "is always whether the employer is treating 'some people less favorably than others because of their race, color, religion, sex, or national origin.'" *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 352 (quoting *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n. 15 (1977)).

  Lesoon has failed to allege facts that set forth a plausible showing that his national origin or race was a motivating or substantial factor in the termination decision. The only factual allegations that even touch on national origin or race are that Lesoon is a Palestinian Arab-American and he "wears a full black beard" and his "skin hue is darker, Mediterranean." (ECF No. 4, ¶ 9.a.). Lesoon simply alleges that he was "treated in this case by USPS supervisors and managers as dis-favored Arabic national-origin ethnicity" and that the communications he alleged sent to the "Filipino finance/girlfriend of fellow employee" were never demonstrated to be authored by him and, therefore, "circumstantially demonstrates ethnic discrimination in summary discharge." (ECF No. 4, ¶¶ 9.b., 9.g.i.(1)). Lesoon's Amended Complaint fails to

4

identify any specific facts and consists of nothing more than mere conclusory statements. Apart from identifying his national origin and race, there are no factual allegations creating a plausible link between them and his removal from employment. In other words, Lesoon has failed to plead any fact that creates an inference that his removal from employment by Defendant was based on his national origin or race. Accordingly, the Court holds that Lesoon has failed to state a claim pursuant to Title VII or any other federal law prohibiting employment discrimination on the basis of national origin or race.

Lesoon has also failed to allege facts that set forth a plausible showing that his religion was a motivating or substantial factor in the termination decision.[1] The only factual allegations that touch on his religion are that he "is of the Antiochian Orthodox Christian religion, and his family has been Orthodox Christian for centuries and millennium or longer." (ECF No. 4, ¶ 9.b.). He is seemingly contending that "when the incumbent administration imposed 'travel bans' on certain Arabic and majority-Muslim nations and made public pronouncements dis-

---

[1] Defendant argues that Lesoon's religious discrimination claim should be dismissed for failure to exhaust administrative remedies because he did not check the box of that type of discrimination on his EEO Complaint and, therefore, did not exhaust his administrative remedies. There is seemingly no dispute that Lesoon properly complained to the Postal Service about his claim of national origin or racial discrimination. The issue is whether Lesoon's EEO Complaint and the EEOC investigation also encompassed a claim of religious discrimination. The relevant inquiry in determining whether claims have been administratively exhausted is "whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996) (quoting *Waiters v. Parsons*, 729 F.2d 233 (3d Cir. 1984). Put another way, "a district court may assume jurisdiction over additional charges if they are reasonably within the scope of the complainant's original charges and if a reasonable investigation by the EEOC would have encompassed the new claims." *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir. 1984).

The Court will not dismiss the allegation of religious discrimination herein for lack of jurisdiction. That said; it is fully aware of the fact that Lesoon has failed to explain how he exhausted his administrative remedies. However, it does not believe that is has before it sufficient information regarding what the investigation of Lesoon's EEO Complaint revealed. Regardless, Lesoon has failed to adequately plead a case of religious discrimination and his Amended Complaint will be dismissed on that basis pursuant to Rule 12(b)(6).

favoring those Arabic and majority-Muslim nations and their inhabitants" he was mistreated "by USPS supervisors and managers" as "dis-favored" because of his "Muslim religious ethnicity." (ECF No. 4, ¶ 9.c.). From this, Lesoon states that the only reason for his removal and "cavalier mis-treatment" was "ethnic religious" discrimination. (ECF No. 4, ¶ 9.g.). Once again, the Court notes that aside from identifying his religious affiliation, Lesoon's Amended Complaint fails to identify any specific facts and consists of nothing more than mere conclusory statements. There are no factual allegations creating a plausible link between Lesoon's religious affiliation and his removal from employment. In other words, Lesoon has failed to plead any fact that creates an inference that his removal from employment by Defendant was based on his religion. Accordingly, the Court holds that Lesoon has failed to state a claim pursuant to Title VII or any other federal law prohibiting employment discrimination on the basis of religion.

## IV. CONCLUSION

For the foregoing reasons of law and fact, the Court will grant Defendant's Motion to Dismiss for Failure to State Claims (ECF No. 5) with prejudice. An Order of Court will follow.

BY THE COURT:

/s/ William S. Stickman IV
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

12-10-20
Date